IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA GRIMSLEY, | : Civ. No. 1:25-CV-110 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| FRANK BISIGNANO, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant | : |

MEMORANDUM OPINION

## I.  Introduction

This case comes before us on a motion for attorneys' fees filed by the plaintiff, Debra Grimsley.[1]  Grimsley has moved to release a portion of her past due Social Security benefits directly to her attorney, pursuant to their contingent fee agreement and 42 U.S.C. § 406(b).  The funds in question were withheld by the Social Security Administration for the purpose of satisfying any financial obligation owed by Grimsley to her attorney[2] for earning both a remand and a finding of disability for

---

[1] Doc. 19.

[2] We note that Grimsley's attorney in this matter, Patrick J. Best Esq., has, since the close of this case, left his prior firm to become a judge in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 19 at 2).  This claim is filed by his former law partner, Joshua B. Goldberg. (*Id.*).  Included in the motion is a letter from the Honorable Judge Best

Grimsley.  As discussed below, we will grant the motion, but with a reduction of the fee.

## II.  <u>Background</u>

Grimsley originally appeared before this court to appeal a denial of Social Security benefits, arguing that denial was not supported by substantial evidence.[3] After Grimsley submitted her brief in support, the Commissioner moved to remand the matter.[4]  Accordingly, on May 8, 2025, this court remanded the matter to the Social Security Administration for further consideration.[5]

On remand, an Administrative Law Judge issued a favorable decision, finding that Grimsley was disabled, and the Social Security Administration issued a Notice of Award stating that Grimsley was entitled to past due benefits.[6]  They also sent notice to Grimsley's

---

assigning any fees associated with this case, be they under EAJA or Section 406, to attorney Goldberg.  All subsequent references to Grimsley's counsel should be understood to be subject to this agreement.

[3] Docs. 1, 10.

[4] Doc. 13.

[5] Doc. 14.

[6] Doc. 20-4.

attorney that the Commissioner had withheld 25 percent of Grimsley's past due award to pay any duly approved attorney's fees.[7]

Grimsley has now filed a motion for attorney's fees under 42 U.S.C. § 406(b), requesting this court's approval of an award of $15,422.00.[8] The Commissioner filed a response taking no position on the appropriateness of the award but asking this court to make an independent reasonableness determination, as required by law, before approving any award.[9] For the reasons discussed below, the award will be granted, but with a reduction.

III. <u>Discussion</u>
   A. <u>Section 406(b) Motion – Standard of Review</u>

The plaintiff has moved for approval of an award of attorney's fees under 42 U.S.C. § 406(b), which provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.[10]

---

[7] *Id.*

[8] Doc. 20 at 4.

[9] Doc. 20.

[10] 42 U.S.C. § 406(b)(1)(A).

This language permits an award of up to 25 percent of the past due benefits but does not automatically entitle a practitioner to this amount. As the Supreme Court has explained, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[11] Section 406(b) also calls for judicial review of contingent fee arrangements, which the Court described "as an independent check, to assure that [Section 406(b) motions] yield reasonable results in particular cases."[12]

The *Gisbrecht* Court specified three reasons an award may be unreasonable: (1) the representation was substandard; (2) the attorney caused unreasonable delay during the process for their own benefit; (3) the award would be an inappropriate "windfall," that is, the "benefits are large in comparison to the amount of time counsel spent on the case [.]"[13] The Court reasoned that comparing a fee award to a "lodestar" figure could be helpful in determining reasonableness, but, because the lodestar process was developed after Section 406(b) became operative and

---

[11] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (cleaned up).

[12] *Id.*

[13] *Gisbrecht*, 535 U.S. at 808.

Congress has not revised the Section to reference or include a lodestar analysis despite having opportunities to do so, relying directly on a lodestar analysis to reduce a Section 406(b) motion is not appropriate.[14] Courts applying *Gisbrecht* have found that starting with a lodestar analysis to calculate a fee award is reversible error.[15]

B. <u>The Motion will be Granted but with a Reduction.</u>

After careful consideration of the *Gisbrecht* factors identified above, we find that a reduction is necessary to prevent a windfall.  As explained below, we will grant the motion, but with a reduction of $2,957.00, for an award totaling $12,165.00.

As to the first factor, we conclude that a fee requested here is reasonable in the context of the "character of the representation and the results the representation achieved."[16]  Grimsley's attorney drafted a brief which apparently convinced the Commissioner to stipulate to

---

[14] *Id.* at 797-802.

[15] *See e.g., Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc) ("By beginning with the lodestar calculation, the district courts plainly failed to respect the 'primacy of lawful attorney-client fee agreements.'") (quoting *Gisbrecht*, 535 U.S. at 793).

[16] *Gisbrecht*, 535 U.S. at 808.

remand the case.[17]   Counsel went on to represent Grimsley for a rehearing and received a favorable decision in that matter, resulting in an award of $61,688 in past due benefits.[18]  Grimsley also won an award of $1,015 per month in forward-looking benefits.[19]   The only counterweight in this consideration is that there was only one brief required before remand, whereas many Social Security appeals require both a brief in support and a reply brief.   But we decline to punish Grimsley's attorney for winning remand swiftly and conclude this factor weighs in favor of finding the requested fee reasonable.

The second factor, delay, clearly weighs towards reasonableness. Nothing on the record evinces any delay on the part of Grimsley or her attorney.   Therefore, we conclude this factor also weighs in favor of finding the requested fee reasonable.

The third and final factor is if the award would work a "windfall" for the attorney.  Grimsley's motion includes breakdowns of the billing hours for her counsel's time working the case.[20]  That document shows

---

[17] Doc. 10.

[18] *See* Doc. 20-4 at 3.

[19] *Id.* at 2.

[20] Doc. 20-3.

13.85 hours of attorney work.[21]   Grimsley requests the maximum statutory award of 25 percent of her past due benefits, here calculated as $15,422.00, a de-facto hourly rate of $1,113.50.  That hourly figure gives us pause.  While a lodestar analysis is not an appropriate basis for an award, consideration of normal rates for these services in this district and the rate which the attorney in question normally charges are appropriate measuring sticks for a court to consider.[22]

We note that an hourly rate of $1,113.50 is nearly triple the hourly rate charged by Grimsley's counsel.[23]   Grimsley's counsel has not presented evidence regarding his own billing rates to justify this figure relative to his typical practice besides to argue that he expects such awards to outpace his hourly rate to compensate for the significant risk involved in such cases.  Nor has he pointed to cases showing that an

---

[21] *Id.* at 3.

[22] *See Rothenbecker v. Astrue*, 764 F. Supp. 2d 697, 699 (M.D. Pa. 2011) (reducing an award equating to $1013.50 an hour to $850 an hour where attorney's normal hourly rate was $400); *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990) ("[H]ourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.").

[23] Doc. 20 ¶ 8 (identifying counsel's rate as $400 per hour).

award of this size is precedented in this district.[24] [25]  We also note that, while we have found cases in other districts granting awards for high hourly rates, including some greater than the instant request, that in many such cases, the attorney in question was requesting *less* than the statutory maximum of 25 precent of past due benefits.[26]  All of this suggests a reduction in fee is appropriate here.

---

[24] *See Harrell v. Berryhill*, No. 16-cv-2428, 2018 WL 4616735 at *4 (N.D. Ca. Sep. 24, 2018) (explaining that because petitioner appealing a reduced award presented new evidence on appeal, which showed similar awards within the district, the earlier decision reducing the award would be overturned).

[25] Our independent search for precedential awards yielded $922.93 as the highest hourly rate approved in this district. *See Ramey v. Bisignano*, 1:22-cv-2082, 2025 WL 4661049 at *3 (M.D. Pa. Jun. 5, 2025) (approving a de facto rate of $922.93).

[26] *See e.g., Crawford v. Astrue*, 586 F.2d 1142, 1145-46 (9th Cir. 2009) (considering three Section 406(b) motions and finding hourly attorney rates of $272, $430, and $,1590 were not unreasonable, in part because these attorneys were asking for 17, 15, and 14 percent, respectively, of their clients' awards); *See also, e.g., Vilkas v. Commissioner of Social Sec.*, No. 03-cv-687, 2007 WL 1498115 at *2 (M.D. Fl. May 14, 2007) (approving a Section 406(b) Motion where the hourly rate worked out to $1,121.86 but the requested fee was for only five percent of the past due benefits); *Claypool v. Barnhart*, 269 F. Supp. 2d 829, 832 (S.D. W. Va. 2003) (approving an hourly rate of $1,433.12 where the claim was for only nine percent of the past due benefits, and only 11 percent when accounting for additional award made under Section 406(a)).

However, we also recognize that the large award of past due benefits, alongside forward-looking benefits, is a substantial award. Further, we note any healthcare benefits awarded pursuant to Grimsley's Title II claim are not included in the portion of the award eligible for attorney's fees.[27]  The value of the case to Grimsley is therefore much greater than just the past-due benefits received.  We also note that Grimsley's counsel took on significant risk in taking this case, which was denied at several levels of the SSA's review process, and that there is a strong public policy interest in assuring that attorneys are willing to continue taking such cases in the future.[28]  Finally, we recognize that deference is owed to the attorney-client fee agreement, which the parties entered into willingly.[29]  All these factors counsel against greatly reducing the award.

Considering the above, we conclude that if the full award was approved, the de facto hourly rate for Grimsley's counsel would amount to a windfall.  We conclude that an hourly rate of $900.00 is an

---

[27] 42 U.S.C. § 406(b)(1).

[28] *Gisbrecht*, 545 U.S. at 805.

[29] *Id.* at 793.

appropriate and sufficient award for counsel's work in this case.  That figure rewards the risk undertaken and the results achieved while preventing an inappropriate windfall.  We will therefore grant the motion, but award only $12,165.00.[30]

Finally, we note that, upon the granting of this motion, Grimsley will become entitled to $3,450.00 in repayment from her attorney for the EAJA fee we awarded her attorney upon initially winning remand.[31]

---

[30] This amount was calculated as follows: $900.00 x 13.85 hours = $12,165.00.

[31] This Court ordered this earlier award pursuant to the remand and a stipulation from the Commissioner.  (Doc. 18). Where an attorney has claimed fees under both the EAJA and Section 406(b), the lesser of those fees must be repaid to the client. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [the EAJA and Section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee") (cleaned up).  Therefore, because the grant of this motion results in a greater payment than the EAJA fee, Grimsley will be entitled to repayment of the EAJA award from her attorney.

## IV.    Conclusion

For the foregoing reasons, the petitioner's motion for attorney fees[32]

will be granted in the amount of $12,165.00.

An appropriate order follows.

> *s/ Daryl F. Bloom*
> Daryl F. Bloom
> Chief United States Magistrate Judge

Dated March 27, 2026.

---

[32] Doc. 23.

11